RECEIVED IN CLERK'S OFFICE
U.S.D.C   Atlanta

JAN - 6 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**THE DISTRICT COURT FOR UNITED STATES
FOR THE DISTRICT OF GEORGIA
ATLANTA DISTRICT**



| | |
|---|---|
| BENJAMIN DEMOND REESE, | CASE ID: **14-CV-0043** |
| Plaintiff, | JUDGE: _____ |
| vs. | |
| B.C. OSBORNE, a.k.a. Brian C. Osborne In his individual and official capacities | COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER 42 U.S.C. §1983, ET SEQ.; COMPENSATORY DAMAGES and PUNITIVE DAMAGES |
| & | |
| COBB COUNTY POLICE DEPARTMENT, | |
| Defendants, | DEMAND FOR TRIAL BY JURY |

## INTRODUCTION & OPENING STATEMEMT

This is an action brought by Plaintiff against State Officials, in their respective roles and in their individual capacities and their Corporation of political subdivision. who, while acting under the color of law, did willfully and with intent deter, suppress, or otherwise breach some rights of Plaintiff guaranteed and protected by the Federal Constitution, particularly the 1st, and 4th Amendments.

## I.   JURISDICTION and VENUE

This action arises under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights), 1985, 1986, and 1988. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

1

Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b) (2).

## II. PARTIES

Plaintiff, Benjamin D Reese for BENJAMIN DEMOND REESE, herein after "Plaintiff", at all times relevant herein, was privately domiciled in the city of Covington, Georgia.

Plaintiff is informed and believes that defendant B.C. Osborne, hereinafter "OSBORNE" is some level of COBB COUNTY POLICE under the authority of the COBB COUNTY DISTRICT COURT and, as such, was at all times relevant to this action, acting while an employed, compensated, enriched and rewarded employee for the COBB COUNTY, a political subdivision organized and existing under the laws of the State of GEORGIA.   OSBORNE is being sued in his individual and official capacities.

## GENERAL FACTUAL ALLEGATIONS

1.) On December 13, 2013, at around (08:55 a.m.)Your Affiant, Benjamin D Reese was
traveling in a private capacity, with no commercial intent or agreement with the private
passenger (Benjamin D Reese, Jr.) to Campbell Middle School to drop off the passenger.

2.) On December 13, 2013, at around (09:05 a.m.)Your Affiant, Benjamin D Reese observed as I pulled my private property (Vehicle) onto Campbell Middle School property to drop off my private passenger, blue lights were turned on behind my private vehicle. I pulled over and officer B C Osborne approached and asked for my driver license, I give him a Private International Permit and he also ask about my tag which stated "U S DOT 2401421 EXEMPT". I PLEADED THE FIFTH AMENDMENT!

2

3.) On December 13, 2013, at roughly (09:10) Your Affiant, Benjamin D Reese was asked repeatedly for proof of insurance and proof of registration for the private vehicle, in which I denied having done for a non-commercial vehicle.

4.) On December 13, 2013, at roughly (09:15 a.m.) Your Affiant, Benjamin D Reese was accused by B.C. Osborne that he thought I was a "Sovereign Citizen," in which I vigorously denied, he also stated "he has seen this type of thing before and I was being arrested for DRIVING, FAILURE TO REGISTER VEHICLE and DRIVING, NO INSURANCE". Officer B C Osborne also informed me that he has never seen an International Permit so it must be fake. It was also stated by B C Osborne "That I manufactured the tag and it was also fake, in Georgia you must be in Commerce, there is no "Exemption for Non-Commercial Vehicle,".

5.) On December 13, 2013, at around (09:20 a.m.) Your Affiant, Benjamin D Reese was being handcuffed. I asked, "Who did I Violate and who is filing a Real Claim against me?" I was placed in the police car with no answers. I asked "Did he take his Oath of Office seriously," no reply. He placed the handcuffs so tight that it cut off circulation in my left hand.

6.) On December 13, 2013, at around (09:29 a.m.) Officer B C Osborne and an unknown Cobb County Police Officer began removing the tag from the private vehicle, and searching through the private vehicle with absolutely NO Permission from the Owner.

7.) On December 13, 2013, at around (09:36 a.m.) Officer B C Osborne continued to interrogate me and I continued to plead the Fifth. From the expressions on his face, I felt that he was getting a little perturbed with me because I continued to maintained my rights. This was embarrassing as cars drove by while in Front of Campbell Middle School. I told him that this

3

was unlawful and at this point he was infringing upon my Constitutional Rights (that he swore

to uphold when he became a public servant). I was concerned as to how could a person who

swore to uphold my constitutional rights not even know what they swore to do. At this point, I

was extremely polite but I didn't trust him. I had enough of his unlawful acts. He, DID NOT

read me my Miranda Rights or any other rights or laws. After handcuffing me and telling me

that I was under arrest, yet he continued to interrogate me.

8.) On December 13, 2013, at around (09:40 a.m.) Officer B C Osborne unlawfully arrested me

and towed my vehicle after he would not properly identify himself as a sworn public servant (by

refusing to provide me with oath of office and did not notify me of my rights prior to arresting

me, forcing me into commerce unlawfully and without freely volunteering, costing me hundreds

(and potentially thousands of dollars), cuffed me with my arms behind my back and put me in a

small backseat which aggravated my previously injured left shoulder and also cutting the

circulation in my left hand . I told the officer that I was in a lot of pain. He said "sorry there's

nothing I can do. But, Due to his unlawful acts, I spent a day in jail and was humiliated for

being cited for a commercial crime that I DID NOT commit and was in fact not operating in any

Commercial capacity at all. Traveling upon and transporting ones property upon the public

roads is our Right. The State of Georgia cannot convert any of your rights into a mere privilege.

9.) On December 13, 2013, at around (09:50 a.m.) Your Affiant, Benjamin D Reese was taken

away to Cobb County Detention Center, were I was finger printed and photographed and forced

to contract under duress and against my will. Officer B C Osborne continued to interrogate me

as to my involvement in some secret societies and sovereign citizens' involvement, in which I

denied any involvement. As I explained the oxymoron of the statement, to be Sovereign is to be

a King or Ruler and to be a citizen is to be under of a Ruler.

4

10.) On December 13, 2013, at around (10:00 a.m.) B C Osborne gave Notice to me that in the

State of Georgia it was illegal to file a Lien/Claim against an Officer or Judge. Once I was

booked, then I was given an alleged copy of the complaint, with computer generated signatures

by B C Osborne, Magistrate Phillip Taylor. He also kept telling me to not inform the County

Jail that I was injured because that would just lengthen the time that I would be in jail. I didn't

listen to him as informed the nurse on duty that my hand was in a lot of pain due to being cuffed

and cramped into the officer's back seat. My private vehicle was unlawfully impounded; I spent

roughly 12 to 14 hours unlawfully incarcerated. My plan is to sue this police officer for his

unlawful acts in a Title 42 U.S.C. §1983 (Civil Action for Deprivation of Rights)

## COUNT I

### (42 U.S.C. § 1983; Deterring, Suppressing, or breaching freedom of speech)

11.)   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 10
above and incorporates the same as if set forth in full.

12.)   Plaintiff, while traveling where Plaintiff had a right to be, engaged in constitutionally
protected conduct when someone who appeared to be COBB COUNTY POLICE
OFFICER of the COBB COUNTY court, directed me to cease this constitutionally
protected conduct, I was separated from the private vehicle under a show of color of
authority, and I was thereby precluded from further private travels with no proof of any
commercial liability. The defendant would not allow me to speak to the private passenger
(Benjamin D Reese, Jr.), violating my freedom of speech. Defendant B C OSBORNE
specific to this deterring of speech committed acts that extended beyond a "mere chilling"
of, but clearly violated Plaintiff's First Amendment rights and clearly established law.
Further, said acts were committed pursuant to a custom, practice or policy or a failure to
train as to deter these rights/violations by these COBB COUNTY POLICE..

Complaint for Deprivation of Rights Under 42 U.S.C. §1983, et seq.; Compensatory Damages; Punitive Damages

13.)   As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, frustration, anger, and anxiety, all to his injury in the amount of $250,000.00 (Two Hundred and Fifty Thousand Dollars and No Cents).

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

## COUNT II
### (42 U.S.C. § 1983; Unreasonable seizure of Plaintiff's person)

14.)   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 13 above and incorporates the same as if set forth in full.

15.)   Plaintiff was unreasonably seized in his person by B C OSBOURNE, removed the plaintiff from a private vehicle with no cause or authority. B C OSBORNE acted with a retaliatory animus against Plaintiff as a motivating factor to punish Plaintiff was a but-for cause of Plaintiff's actions, Plaintiff's constitutionally protected right to travel in a non-commercial conveyance.

16.)   Defendant B C OSBORNE specific to this count, made an unreasonable seizure of Plaintiff absent probable cause, warrant, court order, or any exigent circumstances that could in any way warrant any reasonable person to affect such a seizure of Plaintiff. Further, said acts were committed pursuant to a custom, practice or policy.

17.)   As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, frustration, anger, and anxiety, all to his injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

## COUNT III
### (Violation of the 4th Amendment; Unlawful search and seizure)

18.)   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 17 above and incorporates the same as if set forth in full.

6

19.)     B C OSBORNE denied Plaintiff his right to travel with a private conveyance (private property) by use of B C OSBORNE's unlawful command and show of color of authority by which B C OSBORNE directed Plaintiff to seat in the police vehicle.  B C OSBORNE knew or should have known that under these circumstances B C OSBORNE had no such authority and, in so acting, violated a clearly established right of Plaintiff's.

20.)     Defendant B C OSBORNE committed acts that clearly violated Plaintiff's Fourth (4th) Amendment right and clearly established law specific to the right of the people from unlawful search and seizure.  Further, said acts were committed pursuant to a custom practice or policy.

21.)     As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, frustration, anger, and anxiety, all to his injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

### COUNT IV
### (Violation of the 14th; Denied equal protection under the law)

22.)     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 21 above and incorporates the same as if set forth in full.

23.)     Defendant B C OSBORNE knew or should have known that roadway and highways are public places and that all are welcome to traveling freely with both commercial and non-commercial intention is a clearly established right.  B C OSBORNE by singling out Plaintiff denied Plaintiff the right to travel in this public place and therefore denied Plaintiff his right to enjoy equal protection under the law to travel privately to a public place as can others.

24.)     Defendant B C OSBORNE committed acts that clearly violated Plaintiff's Fourteenth Amendment rights and clearly established law.  Further, said acts were committed pursuant to a custom practice or policy.

Complaint for Deprivation of Rights Under 42 U.S.C. §1983, et seq.; Compensatory Damages; Punitive Damages

25.)    As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, frustration, anger, and Anxiety, all to his injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

**COUNT V**
**(Violation of the 14th ; Denied equal protection under the law)**
**(Negligence)**

26.)    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 25 above and incorporates the same as if set forth in full.

27.)    Defendant B C OSBORNE have a legal duty to prevent and refrain from conduct that deters, suppresses, or otherwise breaches Plaintiff's Constitutionally protected rights and clearly established law regarding how public servants conduct themselves with respect to the people and citizens of these United States.

28.)    Because of the foregoing, Defendants were the actual and proximate cause of all injury suffered by Plaintiff.

WHEREFORE Plaintiff prays for treble Punitive and General Damages against the Defendants jointly and severally, for Tortious willful Negligence.

**COUNT VI**
**(Violation of the 8th Amendment; Cruel and Unusual Punishment)**
**(Intentional Infliction of Emotional and Mental Distress)**

29.)    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 above and incorporates the same as if set forth in full.

30.)    Defendant B C OSBORNE committed acts with, at minimum an expectation, to greatly intimidate and/or scare Plaintiff to such a degree as to deter and prevent Plaintiff from speaking with someone when Plaintiff had a right to do so and to deter Plaintiff from returning to the private vehicle to travel.  Defendant did such act in front of CAMPBELL MIDDLE SCHOOL.

8

31.)    Defendants' conduct was grossly unreasonable, and as a direct and proximate result of their actions Plaintiff has sustained substantial emotional distress therefrom.

### COUNT VII

### BREACH OF OATH OF OFFICE

### (Violation of 18 USC § 241 - Conspiracy against Rights)

32.)    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 31 above and incorporates the same as if set forth in full.

33.)    Defendant B C OSBORNE have also sworn his own proper Oaths of Office for the purpose of "accepting the trust" of the people, which was violated.

34.)    As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, frustration, anger, and anxiety, all to his injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Compensatory and Punitive Damages against the Defendants jointly and severally, for the tort of Intentional Infliction of Mental Distress.

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

### AS TO COUNT I-IV

a)  For general damages against defendants B C OSBORNE and COBB COUNTY POLICE DEPARTMENT in their individual and official capacities in the amount of $1,000,000.00 (One Million Dollars)

b)  For punitive damages against the appropriate Defendants in the amount of $1 000,000.00 (One Million Dollars)

c)  For compensatory damages against the appropriate Defendants in the amount of $1,000,000.00 (One Million Dollars)

9

## AS TO COUNT V-VII

    d)  For general damages against defendants B C OSBORNE and COBB COUNTY POLICE DEPARTMENT in the amount of $250,000.00 (Two Hundred and Fifty Thousand Dollars) or as allowed by law.

    e)  For treble punitive damages in the maximum amount allowed by law.

    f)  Reasonable legal costs & fees, along with costs of suit; and,

    g)  Such other relief as this lawful Court may find to be just and proper.

**LAWFUL NOTICE OF DEMAND FOR TRIAL BY JURY**

**I DECLARE OVER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

DATED: this __5__ day of __January__, 2014

                                      Benjamin D Reese    UCC 1-308
                                                      3-415
                                  "Signature"
Benjamin D Reese, American Settlor for
BENJAMIN D REESE
35 Kirkland Meadows
Covington, Georgia
*In Proper Person*
404-914-7987

Complaint for Deprivation of Rights Under 42 U.S.C. §1983, et seq.; Compensatory Damages; Punitive Damages